UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON B. LEE, | |
| PLAINTIFF, | |
| v. | CIVIL ACTION NO.: 19-2284 (DLF) |
| WILLIAM P. BARR, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE, | |
| DEFENDANT. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1
STATEMENT OF FACTS .......................................................................................................... 1
I.   Plaintiff's Polygraph Examinations ................................................................................. 1
II.  Contact with EEO Office and Administrative Proceedings............................................. 2
STANDARD OF REVIEW – RULE 12(B)(6).............................................................................. 3
ARGUMENT................................................................................................................................. 5
I.   Plaintiff's Claims Are Time Barred .................................................................................. 5
     A.   Legal Requirement to Exhaust Administrative Remedies .................................... 5
     B.   Plaintiff Never Submitted His Claims to the Agency's EEO Office ...................... 6
     C.   Plaintiff's Claims Were Untimely Submitted to the Agency's EEO Office........... 7
II.  Plaintiff Cannot Establish a Prima Facie Case of Discrimination ...................................... 9
III. Plaintiff Cannot Litigate Revocation of His Security Clearance by Asserting Claims
     Under Title VII. .................................................................................................................. 11
CONCLUSION............................................................................................................................ 13

**PRELIMINARY STATEMENT**

Plaintiff Jason Lee ("Plaintiff"), a former employee of the Federal Bureau of Investigation ("FBI" or "Agency"), has instituted this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII") to challenge as discriminatory the Agency's execution of two polygraph examinations – one occurring in September 2013 and the other occurring in September 2014. A review of the allegations and facts reveals that Plaintiff's claims must be dismissed because (i) Plaintiff has failed to administratively exhaust any claim asserted in the Complaint; (ii) Plaintiff has failed to establish a *prima facie* case of discrimination; and (iii) Plaintiff is improperly attempting to litigate the revocation of his security clearance, which is prohibited by *Dep't of Navy v. Egan*, 484 U.S. 518 (1988).[1]

**STATEMENT OF FACTS**

**I.   PLAINTIFF'S POLYGRAPH EXAMINATIONS**

Plaintiff was formerly employed by the FBI as a Senior Intelligence Officer ("SIO") at the Agency's Directorate of Intelligence, located in Washington, D.C. *See* ECF No. 1 at ¶ 5. In July 2013, Plaintiff was contacted by the FBI's Security Division to schedule his ten-year routine personnel security polygraph examination. *Id.* at ¶ 34. The polygraph examination was scheduled for September 2013. *Id.* Plaintiff alleges that during his September 2013 polygraph examination the examiner "accused [him] of lying . . . and trying to conceal relevant information," and that "the demeanor and attitude" of the examiner "appeared to be one of bias and antagonism" due to Plaintiff's Chinese ancestry. *Id.* at ¶¶ 37, 39.

---

[1] Defendant has filed this motion seeking judgment in its favor on all claims it believes are plead within the District Court Complaint. To the extent that Plaintiff asserts there is a claim that Defendant has not addressed, Defendant respectfully reserves the right to file a supplemental motion.

The results of Plaintiff's September 2013 polygraph examination indicated deception and the use of countermeasures and, as a result, Plaintiff was notified in August 2014 that he was required to undergo a second polygraph examination, which was scheduled for September 2014 with a different examiner.  *See id.* at ¶¶ 33-34.  Plaintiff alleges that during the September 2014 polygraph examination the examiner made "remarks" that led Plaintiff to believe that the examiner "had an attitude and demeanor hostile to . . . Plaintiff due to his Chinese ancestry."  *Id.* at ¶ 39.  According to Plaintiff, the examiner told him that the results of the polygraph showed the use of countermeasures.  *Id.* at ¶ 50.

Plaintiff's security clearance was subsequently revoked in February 2015.  *See id.* at ¶ 66.  Plaintiff appealed the revocation and, in August 2016, the FBI affirmed the decision on reconsideration.  *See id.* at 67.  Plaintiff alleges that FBI's only basis for the revocation of his security clearance was his polygraph examination failures due to his suspected use of countermeasures.  *See id.* at ¶ 72.

Plaintiff appealed the revocation of his security clearance to the Department of Justice Access Review Committee ("ARC").  The ARC directed the FBI to conduct an additional polygraph examination in April 2018.  *See* Def's Ex. 1 at 1 (Formal EEO Complaint).  In June 2018, Plaintiff was notified that the ARC affirmed the revocation of his security clearance.  *Id.*

## II. CONTACT WITH EEO OFFICE AND ADMINISTRATIVE PROCEEDINGS

Plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor on June 14, 2018, alleging that he had been subjected to discrimination based on his race and alleged disability during the April 26, 2018, polygraph reexamination and when the revocation of his security clearance was affirmed.  *See id.* at 1-2.  Thereafter, on July 20, 2018, Plaintiff filed a formal Complaint of Discrimination ("Formal EEO Complaint") with the FBI's Office of Equal Employment Opportunity Affairs ("OEEOA").  *Id*; Def's Ex. 2 at 1 (Final Agency Decision).

Plaintiff's Formal EEO Complaint asserted only that he was discriminated against based on his race, physical disability, and reprisal when:

1) On April 26, 2018 he was not accommodated during his polygraph re-examination, and the examiner made oral remarks about his Chinese ethnicity; and

2) He was notified on June 1, 2018, that the revocation of his Top Secret Security Clearance was affirmed.

Def's Ex. 1 at 1-2; Def's Ex. 2 at 1.

On October 18, 2018, the FBI issued a Final Agency Decision ("FAD") dismissing Plaintiff's discrimination claims. *See* Def's Ex. 2 at 3-4. The FBI dismissed Issue 1 as untimely because Plaintiff failed to contact an EEO Counselor within 45 days of the alleged discriminatory action, i.e., the April 26, 2018, polygraph examination. *Id.* at 2. The FBI dismissed Issue 2 based on a finding that Plaintiff had failed to state a claim because the Equal Employment Opportunity Commission does not have jurisdiction to review an agency's determination with regard to either the substance of security clearance decisions or as to the validity of the clearance requirement itself. *Id.* at 2.

Plaintiff filed the instant action on July 31, 2019. ECF No. 1 at 1. In his District Court Complaint, Plaintiff asserts that he was subjected to discrimination on the basis of his national origin (Chinese-America), *see* ECF No. 1 at ¶¶ 75-79, and race (Mongoloid), *see id.* at ¶¶ 84-88, during the September 2013 polygraph examination and September 2014 polygraph examination, *see id*. at ¶¶ 32-62. Plaintiff's Complaint contains no allegations regarding the April 2018 polygraph examination. *See generally* ECF No. 1.

## **STANDARD OF REVIEW – RULE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  While courts accept as true all well-pleaded facts, they do not accept threadbare recitals of the elements of a cause of action, supported by conclusory allegations.  *See Iqbal*, 556 U.S. at 678; *Golden v. Mgmt. & Training Corp.*, 266 F. Supp. 3d 277, 281 (D.D.C. 2017) (citing *Twombly*, 550 U.S. at 555) (court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations).

At the Rule 12(b)(6) stage, a court can review "documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss."  *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).  Specifically, the Court may consider administrative EEO documents, such as formal complaints of discrimination and final agency decisions, in the making of its decision on a Rule 12(b)(6) motion.  *See Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016) (taking judicial notice of administrative complaint materials in ruling on a motion to dismiss for failure to state a claim).

**ARGUMENT**

**I.      PLAINTIFF'S CLAIMS ARE TIME BARRED**

   **A.      Legal Requirement to Exhaust Administrative Remedies**

Title VII requires that before filing a lawsuit in federal court, a plaintiff must timely pursue and exhaust all available administrative remedies for ***each discrete claim***.  42 U.S.C. § 2000e-16(c) (Title VII); *Harris v. Gonzales*, 488 F.3d 442, 443 (D.C. Cir. 2007).  "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary."  *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).

Under Title VII, among the mandatory administrative requirements is that a federal employee or applicant who believes he has been discriminated against on the basis of a protected category must contact an EEO office counselor within 45 days of the alleged discriminatory event and must subsequently file a formal administrative complaint.  29 C.F.R. § 1614.105(a)(1); *Siegel v. Kreps*, 654 F. 2d 773, 776 (D.C. Cir. 1981) ("The principal exhaustion requirement is that the complainant must initially seek relief in the agency which has allegedly discriminated against him.").  The 45-day period to make contact with an EEO counselor begins to run when an employee has a "reasonable suspicion" of a discriminatory action.  *See Adesalu v. Copps*, 606 F. Supp. 2d 97, 102 (D.D.C. 2009).  When a plaintiff fails to exhaust the administrative process prior to bringing a lawsuit in federal court, his claim is subject to dismissal.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002); *Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing Plaintiff's Title VII claims for failure to exhaust his administrative remedies).

**B.**     **Plaintiff Never Submitted His Claims to the Agency's EEO Office**

   **1.**    **Plaintiff Never Filed EEO Claims Related to the September 2013 and September 2014 Polygraph Examinations**

All claims in Plaintiff's Complaint should be dismissed because Plaintiff failed to submit any of the asserted claims to the Agency's EEO office prior to filing suit in this Court and, therefore, has failed to exhaust his administrative remedies. The only two alleged agency actions upon which Plaintiff based his claims in the Formal EEO Complaint were: (i) the execution of the April 2018 polygraph reexamination, and (ii) the June 2018 affirmation of revocation of his security clearance. *See* Def's Ex. 1 at 1-2 (Formal EEO Complaint stating "my complaint focuses on the 26 April 2018 event"). In contrast, Plaintiff's District Court Complaint bases his discrimination claims on the following two events: (i) the execution of the September 2013 polygraph examination; and (ii) the execution of the September 2014 polygraph examination. ECF No. 1 at ¶¶ 32-62.

Significantly, although Plaintiff's Formal EEO Complaint makes a vague reference to "discrimination . . . faced . . . since 2014," Plaintiff's Formal EEO Complaint does not contain any allegations regarding the purportedly discriminatory actions that he now alleges occurred in September 2013 and September 2014 nor does it assert that Plaintiff wished to assert a discrimination claim based on agency actions that allegedly occurred in 2013 or 2014. *See* Def's Ex. 1 at 1-2. Based on these facts, Plaintiff has failed to exhaust his administrative remedies for these claims and the Court should enter judgment in Defendant's favor on each claim. *See, e.g.*, *Bowe-Connor v. Shinseki*, 923 F. Supp. 2d 1, 7 (D.D.C. 2013) (dismissing plaintiff's Title VII claim and issuing summary judgment for defendants because plaintiff's allegations were not included in formal EEO complaint).

### 2. Plaintiff Has Never Asserted a Claim Based on National Origin

Even if Plaintiff could assert a claim based on the September 2013 and September 2014 polygraph examinations – which he cannot – Plaintiff could still not assert any claim based on national origin discrimination because he has failed to exhaust his administrative remedies with respect to such claims. In Plaintiff's Formal EEO Complaint, he alleged that he was discriminated against in April 2018 based on his race and alleged physical disability only. *See* Def's Ex. 1 at 1-2; Def's Ex. 2 at 1. In contrast, Plaintiff now alleges in his District Court Complaint that he was subjected to discrimination on the basis of his national origin and race. ECF No. 1 at 4-6, 8-9. Plaintiff's Formal EEO Complaint makes no mention of alleged national origin discrimination and it included no allegations to support such a claim. Because Plaintiff did not assert any claim of national origin discrimination, he cannot now assert such a claim in this Court. *See, e.g.*, *Lane v. Hilbert*, Civ. A. No. 03-5309, 2004 WL 1071330, at *1 (D.C. Cir. May 12, 2004) (affirming dismissal of complaint on exhaustion grounds because district court complaint alleged sex discrimination and sexual harassment while administrative complaint alleged racial discrimination and hostile work environment); *Rogers v. Smithsonian Inst.*, 305 F. Supp. 3d 89, 96 (D.D.C. 2018) (dismissing plaintiff's racial discrimination claims for failure to state a claim because such claims were not included in the plaintiff's formal EEO complaints); *Bowe-Connor*, 923 F. Supp. 2d at 7 (dismissing national origin claim on exhaustion grounds because not raised in plaintiff's EEO complaint); *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35 (D.D.C. 2008) (dismissing racial discrimination claim on exhaustion grounds because complainant only made a claim of national origin discrimination in administrative complaint).

### C. Plaintiff's Claims Were Untimely Submitted to the Agency's EEO Office

Even if Plaintiff's Formal EEO Complaint could be reasonably read to include claims based on his September 2013 and September 2014 polygraphs – which it cannot – Plaintiff's claims

7

should still be dismissed because he failed to make initial contact with the EEO counselor within 45 days of the allegedly discriminatory acts.  Notably, for each claim regarding the September 2013 and September 2014 polygraphs, the 45-day time limit for Plaintiff to initiate contact with an EEO counselor began to run on the date that Plaintiff took the polygraph because, based on Plaintiff's own allegations, he should have (or did) have a "reasonable suspicion" that discriminatory conduct had allegedly occurred on the date he took the polygraphs.  *See Aceto v. England*, 328 F. Supp. 2d 1, 7 (D.D.C. 2004) ("This court applies the "reasonable suspicion" standard, . . . which starts the [45 day] time limit when the plaintiff has a reasonable suspicion that he has been the victim of discrimination.").

With respect to the September 2013 polygraph exam, Plaintiff's District Court Complaint alleges at ¶ 39 that the polygraph examiner conducted himself with a "demeanor and attitude . . . , as perceived by the Plaintiff, . . . to be one of bias and antagonism . . . towards the Plaintiff because of the Plaintiff's Chinese ancestry;" thus, Plaintiff clearly perceived and had a "reasonable suspicion" that a discriminatory action had allegedly occurred in connection with his testing. Similarly, with respect to the September 2014 polygraph, Plaintiff's Complaint alleges at ¶¶ 46-48 that the examiner "made certain remarks that . . . were highly inappropriate and unprofessional," including "a series of questioning regarding the Plaintiff's exposure to environments where others spoke primarily dialects of Chinese" and that "led the Plaintiff to conclude that this examiner . . . had an attitude and demeanor hostile to the Plaintiff due to his Chinese ancestry."  In both instances, Plaintiff's allegations reflect that, *on the day of the polygraph testing*, Plaintiff had concluded – or, at the very least, had a reasonable suspicion – that discriminatory conduct may have occurred.  Consequently, the 45-day time limit for Plaintiff to

8

submit any claims related to the September 2013 or September 2014 polygraph to the EEO counselor began to run on the date of the polygraph examination.

Despite having a reasonable suspicion of any alleged discriminatory conduct on the date that the conduct occurred, Plaintiff did not contact an EEO counselor until June 14, 2018, which is almost 4 years *after* the alleged discriminatory polygraph examinations and over 3 years *after* the revocation of his security clearance. *See* Def's Ex. 1; Def's Ex. 2 at 1. Because each of the alleged actions taken against Plaintiff were discrete discriminatory acts that required Plaintiff to contact an EEO counselor within 45-days of the alleged action and Plaintiff failed to make such contact, all of Plaintiff's claims should be dismissed. *See Morgan*, 536 U.S. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred . . . . Each discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the [45]-day time period after the discrete discriminatory act occurred.").

## II. PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION

To establish a *prima facie* case of race or national origin discrimination, the plaintiff must show that (i) he is a member of a protected class; (ii) he suffered an adverse employment action; and (iii) the unfavorable action gives rise to an inference of discrimination. *See Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006); *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002).

Plaintiff's Complaint does not allege that the requirement to take the polygraph, in and of itself, was an agency action motivated by discriminatory animus. To the contrary, Plaintiff's Complaint concedes that the FBI required him to take a polygraph because it was part of "his ten-year routine periodic polygraph exam." ECF No.1 at ¶ 34. Consequently, there can be no

9

argument that Plaintiff's race or national origin played a factor in his having to take the polygraph examinations that are the subject of the District Court Complaint.

Plaintiff's Complaint also does not establish that the requirement to take the polygraph, in and of itself, was an adverse action. To establish a discrimination claim, a plaintiff must demonstrate that he has suffered "materially adverse consequences affecting the terms, conditions, or privileges of [his] employment or [his] future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999). To make a clear showing of a material adverse employment action within the meaning of Title VII, the plaintiff must show that the agency action has a tangible effect on plaintiff's employment that equates to "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 456 (quoting *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)) (other citations omitted); *see also Aliotta v. Bair*, 614 F.3d 556, 566 (D.C. Cir. 2010). Here, there is no allegation or evidence that the FBI's requirement that Plaintiff participate in the polygraph examinations is an action that equates to hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits; thus, Plaintiff cannot establish the requirement to take the polygraph is itself an adverse action in the Title VII discrimination context.

The only alleged harm that Plaintiff's Complaint asserts is that the "results of the polygraph examinations were and are the proximate cause of the revocation of [his] security clearance and subsequent termination of his employment with the FBI," *see* Compl. ¶ 72; thus, it appears that, at its core, Plaintiff's Complaint is seeking to assert Title VII claims to challenge the revocation of

his security clearance.  As discussed in the next section, Plaintiff cannot challenge the revocation of his security clearance through Title VII discrimination claims.

### III. PLAINTIFF CANNOT LITIGATE REVOCATION OF HIS SECURITY CLEARANCE BY ASSERTING CLAIMS UNDER TITLE VII.[2]

Plaintiff alleges that due to discriminatory actions taken by the polygraph examiners his security clearance was revoked and, ultimately, his employment with the FBI was terminated, *see* ECF. No. 1 at 4-8; however, Plaintiff is unable to assert claims under Title VII based on the revocation of his security clearance because "Title VII does not authorize review of security clearance decisions made by the Executive, even when discrimination is alleged." *Gill v. U.S. Dep't of Justice*, No. CV 15-824, 2016 WL 3982450, at *4 (D.D.C. July 22, 2016).  This is because "[s]ecurity clearance decisions 'must be made by those with the necessary expertise in protecting classified information.'" *Id.* (quoting *Egan*, 484 U.S. at 529).  "The agency that is responsible for an individual must have the discretion to determine if [he] should have access to classified information in the agency, as it is the agency that bear[s] the responsibility for the protection of classified information committed to his custody." *Id.*  Therefore, "no one has a 'right' to a security clearance," instead "[t]he grant of a clearance requires an affirmative act of discretion on the part of the granting official." *Egan*, 484 U.S. at 528.

Relying on *Egan*, the United States Court of Appeals for the D.C. Circuit has held that "[b]ecause the authority to issue a security clearance is a discretionary function of the Executive Branch and involves the complex area of foreign relations and national security, employment

---

[2] In email correspondence between the parties in October 2019, Defendant attempted to obtain clarification regarding the claims asserted in the Complaint.  During that correspondence, Plaintiff's counsel stated that "[Plaintiff is] not bringing any action based on the decisions made by the Security Division, as those are barred by Egan v. Navy."  It is unclear how Plaintiff's statement can be reconciled with the allegations in the Complaint; thus, in an abundance of caution, Defendant addresses Plaintiff's claims as they relate to revocation of his security clearance.

actions based on denial of security clearance are not subject to judicial review, including under Title VII." *Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C. Cir. 2005). *See also Oryszak v. Sullivan*, 576 F.3d 522, 526 (D.C. Cir. 2009) (Ginsberg, J., concurring) ("We have held that actions based upon [a] denial of security clearance[s] . . . are beyond the reach of judicial review.") (citations omitted). "This is true even if the employee claims, under Title VII, that the security clearance decision was racially motivated." *Thomas v. Johnson*, 4 F. Supp. 3d 157, 160 (D.D.C. 2014). *See also Ryan v. Reno*, 168 F.3d 520, 524 (D.C. Cir. 1999) ("[A]n adverse employment action based on denial or revocation of a security clearance is not actionable under Title VII.").

In this case, Plaintiff is asserting claims under Title VII alleging that the examiners' purported conduct during the September 2013 and September 2014 polygraph examinations was the "proximate cause of the revocation of [his] security clearance and subsequent termination of his employment with the FBI." ECF No. 1 at ¶ 72. Thus, Plaintiff's Complaint plainly alleges that the adverse employment action by the FBI was directly predicated on an unfavorable security clearance determination. *See id.* The FBI has broad discretion in determining whether Plaintiff should have access to classified information in its possession, and courts may not second-guess such decisions. *See Bennett*, 425 F.3d at 1001. Accordingly, Plaintiff's claims under Title VII based on the revocation of his security clearance are not subject to judicial review and his claims should be dismissed. *See Gill*, Civ. A. No. 15-0824, 2016 WL 3982450, at *4 (noting dismissal of discrimination claims would be appropriate under Title VII because the statute does not authorize review of security clearance decisions); *Bennett*, 425 F.3d at 1004 (affirming dismissal of plaintiff's Title VII claims because the court could not review agency's security clearance determination).

## **CONCLUSION**

For the reasons stated herein, Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: November 18, 2019         Respectfully submitted,

JESSIE K. LIU, DC Bar No. 472845
United States Attorney

DANIEL F. VAN HORN, DC Bar No. 924092
Chief, Civil Division

By: /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2525
April.Seabrook@usdoj.gov

*Counsel for Defendant*